UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

RYAN MCDONOUGH and DENNIS DAY,
on behalf of themselves and those similarly
situated,

    Plaintiffs,

vs.                                            Case No.
                                                    COLLECTIVE ACTION

ROBERT BINNS ROOFING, INC.,
a Florida Profit Corporation and
ROBERT W. BINNS, an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs RYAN MCDONOUGH and DENNIS DAY ("Plaintiffs"), by and through the undersigned counsel and on behalf of themselves and those similarly situated, hereby sue Defendants ROBERT BINNS ROOFING, INC. and ROBERT W. BINNS ("Defendants") and alleges as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the three years prior to the filing of this action ("Liability Period"), Defendants had a policy and practice of requiring or permitting Plaintiffs, and those similarly situated, to work in excess of forty (40) hours in each workweek without paying them time and one half the regular rate as required by the FLSA and failing to meet the minimum wage requirements of the FLSA.

3. Pursuant to the FLSA, Plaintiffs seek minimum wage compensation, overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendants on behalf of themselves and those similarly situated.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these claims as one or more of the events giving rise to the claims occurred in Polk County, Florida.

5. Venue is proper in the Court because the facts material to all claims set forth herein occurred in Polk County, Florida.

## PARTIES

6. At all times material to this action, Plaintiff Ryan McDonough was a resident of Polk County.

7. At all times material to this action, Plaintiff Dennis Day was a resident of Polk County.

8. At all times material to this action, Defendant Robert Binns Roofing, Inc. was a roofing company conducting business in Polk County, Florida subject to the requirements of the FLSA.

9. At all times material to this action, Robert W. Binns was an individual who owned and/or operated Defendant Robert Binns Roofing, Inc. and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations.  By virtue of having regularly exercised that authority on behalf of Defendant Robert Binns Roofing, Inc. and over Plaintiffs and those similarly situated, Defendant Robert W. Binns is an employer.

10. At all times material to this action, Defendants were an enterprise subject to the FLSA.

11. At all times material to this action, Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person.

12. At all times material to this action, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00.

13. At all times material to this action, Plaintiffs and those similarly situated were employees of Defendants pursuant to the terms of all applicable statutes and Defendants were employers of Plaintiffs and those similarly situated pursuant to the terms of all applicable statutes.

**GENERAL ALLEGATIONS**

14. Defendant is a commercial and residential roofing company.

15. Plaintiff Ryan McDonough worked for Defendants from February of 2013 through September 8, 2016 as a roofer and foreman.

16. Plaintiff Dennis Day worked for Defendants from December of 2015 through July of 2016 as a roofer.

17. Defendants compensate roofers and foremen on an hourly basis.

18. Although Plaintiffs and those similarly situated were required to report to the shop, load work vehicles, and prepare for the day, Defendants failed to compensate them for time

spent on these tasks. Rather, Defendants did not consider Plaintiffs and those similarly situated to be "on the clock" until they left for their first job site.

19. Upon departing the shop, Plaintiffs and those similarly situated drove to the worksite in a company vehicle.

20. Plaintiffs and those similarly situated regularly worked through lunch, due to the constraints of Florida weather.

21. Regardless of whether or not they actually were able to take a lunch break, it was deducted from their time spent at the job site each day.

22. As a result, Plaintiffs and those similarly situated were not compensated for all hours worked at the job site.

23. At the end of the day, Defendants failed to compensate Plaintiffs and those similarly situated for the drive from the job site back to the shop.

24. Similarly Defendants failed to compensate Plaintiffs and those similarly situated for the time spent unloading materials and performing other end-of-the-day duties at the shop.

25. Defendants also shaved employee hours in other ways. For example, it was common for employees who worked on the same crew, working at the same job, for the same amount of time to be paid for different amounts of hours.

26. Plaintiffs and those similarly situated regularly requested to be compensated for their drive time, the time spent working through lunch, and their prep time in the morning and evening, but Defendants refused to compensate them properly.

27. Plaintiffs did not satisfy the requirements for any of the exemptions set forth in the FLSA.

28. Plaintiffs regularly worked in excess of forty (40) hours in a workweek while employed by Defendants.

29. Despite working in excess of forty (40) hours in a workweek, Plaintiffs did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours.

30. All administrative notice requirements and prerequisites have been satisfied.

31. Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

32. Plaintiffs demand a trial by jury on all claims alleged herein.

### COUNT I
### VIOLATIONS OF THE OVERTIME
### REQUIREMENTS OF THE FLSA AS TO PLAINTIFFS

33. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

34. Defendants' failure to provide Plaintiffs overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

35. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

   a) a judgment that Defendants violated 29 U.S.C. § 207 of the Fair Labor Standards Act;

   b) damages for the amount of unpaid overtime compensation owed to Plaintiffs;

    c)    liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiffs;

    d)    post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

    e)    any other additional relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE OVERTIME REQUIREMENTS
## OF THE FLSA AS TO THOSE SIMILARLY SITUATED

36. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

37. Defendants' failure to provide those similarly situated to Plaintiffs overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

38. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

    f)    a judgment that Defendants violated 29 U.S.C. § 207 of the Fair Labor Standards Act;

    g)    damages for the amount of unpaid overtime compensation owed to the employees;

    h)    liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to the employees;

    i)    post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

    j)    any other additional relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE MINIMUM WAGE
## REQUIREMENTS OF THE FLSA AS TO PLAINTIFFs

39. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

40. Defendants' failure to provide Plaintiffs compensation at a rate not less than the minimum wage for all hours worked constitutes a violation of the FLSA, 29 U.S.C. § 207.

41. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

k) a judgment that Defendants violated 29 U.S.C. § 206 of the Fair Labor Standards Act;

l) damages for the amount of unpaid minimum wage owed to Plaintiffs;

m) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiffs;

n) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

o) any other additional relief as the Court deems just and proper.

## COUNT IV
## VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS
## OF THE FLSA AS TO THOSE SIMILARLY SITUATED

42. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

43. Defendants' failure to provide those similarly situated to Plaintiffs a compensation at a rate not less than the minimum wage for all hours worked constitutes a violation of the FLSA, 29 U.S.C. § 207.

44. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays that this Court award the following relief:

p) a judgment that Defendants violated 29 U.S.C. § 206 of the Fair Labor Standards Act;

q) damages for the amount of unpaid minimum wage owed to the employees;

r) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to the employees;

s) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

t) any other additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michelle Erin Nadeau
Florida Bar No. 0148430
Primary: rbarack@ksbclaw.com
Secondary: jackie@ksbclaw.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
Primary: mnadeau@ksbclaw.com
Secondary: jackie@ksbclaw.com
**Kwall, Showers, Barack & Chilson, P.A.**
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs